## FALKNER, BELL & CO. *v.* HUNT.

TAXES not justly due, and paid under protest, may be recovered back by suit against the Tax Collector.

A mortgage is not personal property within the Revenue Act of 1856, nor liable, *as such,* to taxation.

An assessment thus : " Mortgages (Marysville) $100,000," is insufficient under the act. The assessment does not show for what the mortgages were given, nor on what property, nor whether the debts were solvent, nor the value of the property mortgaged ; and the sole fact that a mortgage is held for a given amount, does not make the mortgage subject to taxation as for so much money.

Land mortgaged may be taxed without reference to the mortgage, and if the mortgage be to secure a debt, the debt may be taxed ; if to secure a loan of money, the money may be taxed ; but the act does not intend to tax the mortgage, *as such,* and also to tax the money loaned and secured by the mortgage, or the solvent debt it represents.

An assessment thus : " Personal property—mortgages (Marysville) $100,000," is not good as an assessment of personal property, independent of the term " mortgages," on the ground that the act requires no description of personal property to be given, but its value only. The whole statement must be taken together, and that shows " mortgages " to be taxed, and they are not subject to taxation as such.

*Prima facie,* a mortgage is no more taxable than a deed or any other muniment of title or mere security, and the money which it secures cannot be taxed without a more particular description than the general designation, "personal property."

Under this act, a lumping assessment of "personal property " is bad. Every item of taxable property need not be listed, but the different classes named in the act should be stated—as goods, money loaned, gold dust, solvent debts.

APPEAL from the Twelfth District.

The facts appear in the opinion. Defendant had judgment below. Plaintiff appeals.

*Hoge & Wilson,* for Appellant.

I. The Assessor was bound to ascertain all the personal property that was taxable, and to put it down specifically in his assessment roll. (Revenue Act of 1857, 325–6, etc.)

 Section three of this act requires the Assessor to ascertain, by diligent search, etc., the names of all persons owning, claiming, etc., "real estate," "improvements," or "personal property," and the full cash value thereof.

The same section provides that "he shall list" and "assess" all such "personal property," etc.   He shall demand "a statement under oath of all real estate, improvements on public lands, or personal property," etc.

Section five defines this taxable "personal property," and amongst other things specifies "all moneys on hand, or on deposit in bank or banks, or with individuals; all moneys at interest, secured by mortgage or otherwise; gold dust, solvent debts," etc.

II.  Mortgages are not taxable.

Section five, last above referred to, is the only place in the Revenue Act where mortgages are spoken of; but this section does not allow a tax on mortgages.

Moneys are taxable, but are differently described and kept in distinct classes, that is to say: 1. Money on hand.   2. Money on deposit.   3. Money at interest, secured by mortgage or otherwise.

As distinct articles, "gold dust" and "solvent debts," are respectively taxable.

From this we see, that "money at interest secured by mortgage" is taxable—not the mortgage, but the money.   Even money secured by mortgage is not taxable.   It must be at interest, as well as secured by mortgage.   Lands may be sold, and a mortgage given to secure the purchase money, without interest.   This would not be taxable as money secured by mortgage.   It might be taxable as a "debt," but then it would have to be a "solvent debt."   Here it loses its distinctive designation as money, and becomes known only as a "solvent debt;" otherwise, whether solvent or insolvent, if secured by mortgage, it would be taxable.   But in none of these cases is the mortgage taxable.

A mortgage does not *ex vi termini* import an instrument to secure "money," much less, "money at interest."   It may be, and often is, given to secure the performance of an act; it often is mere counter-security or indemnity.   "Mortgages, at the present day, are mere securities for the payment of moneys," etc.   (*Goddefroy* v. *Caldwell,*

2 Cal. 493; *Peters* v. *Jamestown Bridge Co.* 5 Id. 336; *McMillan* v. *Richards*, 9 Id. 411; *Belloc* v. *Rogers*, Id. 123.)

The mortgages, then, being merely securities, are not taxable, any more than deeds to land are taxable; and whether the money or debt secured is taxable, depends altogether on the situation of the money, and the circumstances surrounding it, and the character and nature of the debt. (*Adams* v. *Litchfield*, 10 Conn. 127.)

The assessment must be certain in naming the person chargable with the tax; the amount of the charge, and the property taxed, in order to create a liability to pay the tax. (*Green* v. *Crafts*, 28 Miss. 70.) The property must be listed and valued, etc. (*Ferris* v. *Coover*, 10 Cal. 632–3.)

Revenue laws are to be construed most favorably to the citizen, and against the government. (Blackwell on Tax Titles, 738, and cases cited.) Illegal assessments are no assessments at all, but are mere nullities. (Id. 140–150; Id. 142.)

The assessment being illegal, the tax paid under protest can be recovered. (*Adams* v. *Litchfield*, 10 Conn. 127; *Sanders* v. *Springsteen*, 4 Wend. 429; *Wilson* v. *Mayor of New York*, 1 Abbott Pr. R. 23 and following, and cases cited; *Prosser* v. *Secor*, 5 Barb. 607; *Chegary* v. *Mayor, etc.* 2 Duer, 521; *Preston* v. *Boston*, 12 Pick. 7; *Elliott* v. *Swartwout*, 10 Peters, 137; *Bend* v. *Hoyt*, 13 Id. 263; *Hayes* v. *Hogan*, 5 Cal. 243; *Fleetwood* v. *City of New York*, 2 Sandf. S. C. R. 481; *McMillan* v. *Richards*, 9 Cal. 417.)

*S. W. Holladay*, for Respondent.

All property, of every kind and nature within this State, is subject to taxation, except, etc. (Sec. 2 Revenue Act of 1857, 326.)

The Assessor's duty under the Statutes of 1857, sec. 3, 326, is to ascertain the names of all firms claiming any personal property, and to assess the same to the firm having the possession, charge or control of the same.

This estimate is conclusive so far as personal property is concerned, unless the party assessed shall take certain steps, which were not taken here. (See latter part of sec. 3.) Section four prescribes the form of the assessment roll, and it must contain 1st. "The names of all taxable inhabitants;" 2d. All real estate, etc., describing the land by metes and bounds, etc., and the cash value of the same; 6th. "The cash value

12

of all personal property," but no description of personal property is required.

"The term 'personal property,' whenever used in this act, shall be deemed and taken to mean, and is hereby declared to mean and include all furniture, etc., and all other property of whatsoever kind or nature, not included in the term real estate, as said term is defined in this act." (Revenue Act of 1857, sec. 5, 328.)

Section eight of the act authorizes the Board of Equalization to change and correct the assessment roll on complaint of errors therein. But no application seems to have been made to them.

In the present case, the Assessor, out of caution, has done more than the law requires. He has given the cash value at $100,000 in one item, and $25,000 in another item, as the "cash value" in the column headed "value of personal property." This is all regular and strictly within the requirements of the act. (Sec. 4, subdivision 6.) It cannot be that, going further and giving a description of the items which go to make this $125,000 worth of personal property in his assessment, the Tax Collector has thereby vitiated an assessment perfectly good and regular without any description.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This suit is brought to recover of the defendant, who is Tax Collector, a sum of money for taxes illegally assessed and paid by the plaintiffs under protest.

From the assessment roll, it appears that the appellants were assessed and taxed "for moneys on hand and loaned." As a distinct item they were assessed "upon mortgages (Marysville, etc.) $100,000." The tax on this item was paid under protest, and the object of this suit is to recover it.

1. If the money was paid under protest, and was not justly due, it may be recovered back in an action of this sort. (*Hayes* v. *Hogan*, 5 Cal. 243; *McMillan* v. *Richards*, 9 Id. 417, and the cases cited in the appellants' brief.)

2. In order to justify this assessment, as it stands, it must be maintained that mortgages are species of personal property of a known or ascertainable value, and as such liable to taxation.

The second section of the Act of 1857 (Statutes, 326) provides that all property, of every kind and nature whatever, within this State, shall

Falkner *v.* Hunt.

be subject to taxation, except, etc. (mortgages not included). Section three provides that the Assessor, between the first Monday in March and the first Monday in August, in each year, shall ascertain by diligent inquiry the names of all persons, corporations, etc., owning property, etc. By section five a definition is given of the terms, real and personal estate. The last is defined to mean and include "all household and kitchen furniture; all law, medical and miscellaneous libraries; all goods, wares and merchandise; all chattels of every kind and description; all money on hand or on deposit, in bank or banks, or with individuals; all the money at interest, secured by mortgage or otherwise, gold dust, solvent debts, stocks of goods on hand, horses, mules, oxen, cows, calves, beef cattle, hogs, sheep, goats, jacks and jennets, and cattle of every description, wagons, carriages, buggies, omnibuses, stages, stage coaches, sulkies, carts, drays and all other vehicles, whether for use, pleasure or hire; all machines and machinery; all works and improvements; all storeships and hulks; all steamers, vessels and water craft of every kind and name, either owned in whole or in part by a resident or residents of the State, or navigating the waters of any river or bay within the State, and having a general depot or terminus within the State; all capital loaned, invested or employed in any trade, commerce or business whatsoever; the capital stock of all corporations, companies, associations, firms or individuals doing business or having an office in the State; the money, property and effects of every kind, except real estate, of all banks, banking institutions or firms, bankers, money lenders and brokers; all houses, buildings, fences, ditches, structures, erections, or other improvements built or erected upon any land, whether such land be private property or the property of the State, or of the United States, or of any municipal corporation or county in the State, and all other property of whatsoever kind or nature not included in the term real estate, as said term is defined in this act."

In a certain loose sense, a mortgage may be regarded as personal property; but evidently it is not so regarded in this act. The mortgage is merely a security, and not necessarily a security for money. As the counsel well remark, a mortgage may be given to secure the rendition of services, or performance of acts, or to indemnify against possible contingencies. The land—if land was covered by these mortgages—may be taxed, and is, without reference to the mortgage on it; and if the mortgage was given to secure a debt, the debt may be taxed

or if given to secure a loan of money, then the money may be taxed. But certainly it was not intended to tax a mortgage, *as such,* and also to tax the money loaned for which it was given, or the solvent debt it represents. The assessment here does not show for what these mortgages were given, nor on what property, nor whether the debts were solvent, nor the value of the property on which the mortgages were taken. The respondent rests upon the sole fact that a mortgage was held or taken by appellants for a given amount, and, therefore, this mortgage became the subject of taxation as for that amount of money. We are unable to see any rule for this construction of the Revenue Act.

It is argued by the respondent, *that the Revenue Act does not require the description of personal property to be given, but only its value;* and that in this case the list showed "personal property—mortgages (Marysville) $100,000," etc. That this description would be enough if all reference to the mortgage were left out, and, therefore, this reference does not vitiate; that if this property were over-estimated, then the proper remedy was to apply to the Board of Equalization. But it is answered, that these mortgages were not personal property, subject as such to taxation, and therefore taking the whole statement together, it is shown that the tax was not proper, since that was taxed which was not the subject of taxation. *Prima facie,* a mortgage is no more taxable than a deed, or any other muniment of title or mere security. The money which it secures may be taxed; and this money cannot be taxed as personal property, without a more particular description than this general designation.

We do not understand the statute as the counsel suppose. By section five the Assessor is to ascertain by diligent search, etc., the name of all persons owning, claiming, etc., real estate, improvements or personal property, and the full cash value thereof. The same section provides "*that he shall list and assess all such personal property,*" etc. He shall demand *a statement* under oath of all real estate, improvements or public lands, *or personal property, etc.* By section five, different classes of taxable property are given, as "money on hand or on deposit," "all moneys at interest secured by mortgage or otherwise," "solvent debts." Obviously, if a lumping assessment were made of personal property, it would be very difficult to make or correct the valuation. It is true, it is not necessary that every item of taxable property should be listed, for that would be a useless as well as a very inconvenient.

requisition. But the different classes should be stated—as goods, money loaned, gold dust, solvent debts—the general designation, "personal property" is not enough, any more than the general designation, real estate.

We think the assessment shows no legal demand on the plaintiff for the money collected from him.

Judgment reversed and cause remanded.