## THE PEOPLE v. PARK.

UNDER the Revenue Law of 1860, choses in action and property of an intangible character, such as debts and the like, are properly assessable in the county where the owner resides at the time of the assessment.

APPEAL from the Thirteenth Judicial District, Mariposa County.

The facts are stated in the opinion of the Court.

[No briefs on file.]

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to recover a sum of money claimed to be due for taxes on personal property assessed to the defendant in Mariposa County. The assessment was originally made in the following form:

" T. W. Park. Mortgage on J. C. Fremont, value $350,000.

But it was afterwards changed by the Board of Equalization so as to read as follows:

" T. W. Park. Money at interest secured by mortgage executed by J. C. Fremont, June 14, 1860, and recorded in the Recorder's Office of Mariposa County, in book E, on folios 409, 411, 412, and 413, valued at $350,000."

The defendant was a resident of the City of San Francisco before and since the levy of this tax, and was assessed for personal prop-

erty in that city for the same year.    The Court found in favor of the defendant, and the State took this appeal.

The tax in this case was levied under the Revenue Law of 1860 (Stat. of 1860, 365.)    Sec. 11 of that act provides that each District Assessor shall ascertain the names of all persons " owning, claiming, or having the possession, charge, or control of any real or *personal property*, not exempt from taxation, within the district," and the cash value of the same ; and he is required to *assess* the same to such person, and to demand of every person within his district a statement under oath of all such real or *personal property* within his district.    Sec. 14 requires the Assessor to list under the head of " personal property," all movable property, and movable chattels, etc., etc., including among others, " all money at interest, secured by mortgage or otherwise."    Under this law all " personal property within the district " of the Assessor must be assessed in such district.    It is evident that all personal property of a tangible character, such as is capable of manual possession and delivery, is to be assessed in the county where it may be at the time of the commencement of the assessment, to wit : the first Monday in March.    But the question is, in what county must personal property, of an intangible character, such as mere choses in action, debts, promissory notes and the like, be assessed in ?    Are they to be considered as having a taxable locality where the debtor resides, or where the property on which the debt may be a lien is located, or where the owner resides ?

The general rule of law is that personal property follows the body or person of the owner.    (Story on Conflict of Laws, Secs. 378–380.)    And this rule is applied to the question as to where such property is properly taxable; and it is held that it should be assessed and taxed in the town or county where the owner resides.    (*Holton* v. *Bangor*, 23 Maine, 264 ; *Little* v. *Greenleaf*, 7 Mass. 236 ; *Salem Iron Factory* v. *Danvers*, 10 Id. 514 ; *Amesbury Man. Co.* v. *Amesbury*, 17 Id. 461 ; *Preston* v. *Boston*, 12 Pick. 7 ; *Lyman* v. *Fiske*, 17 Id. 231 ; *Blood* v. *Sayre*, 17 Vt. 609.)    By special statute this rule was changed in Massachusetts so as not to apply to persons who hired stores and carried on business in other towns than those in which they dwelt; and in

such cases such property was made taxable in the town where the business was conducted. (10 Mass. 514; *Gray* v. *Kittell*, 12 Id. 161.)

Under these authorities and rules of law, we think the proper construction of the Revenue Law of 1860 is that all personal property of a tangible character was properly taxable in the county where it was actually situated at the time of the commencement of the assessment; but choses in action, and property of an intangible character, such as debts and the like, cannot be said to be "within the district" of the Assessor, and are, therefore, properly taxable in the county where the owner resides at that time. They could not properly be assessed where the debtors reside, as they may be non-residents, or reside in several counties; nor where the property on which it may be secured is located, for that might be in several counties, and it is the *debt* and not the *security* which is properly taxable. (*Falkner* v. *Hunt*, 16 Cal. 167.)

In this case the debt and mortgage did not exist at the commencement of the assessment; and if they had, they were properly assessable and taxable in the County of San Francisco, where the defendant resided, and not in the County of Mariposa.

It follows that the judgment of the Court below is correct, and is therefore affirmed.