## THE PEOPLE v. CYRUS A. EASTMAN.

25  601
128  593
128  613

TAXATION—JUDGMENT, WHERE AND HOW ASSESSED.—A judgment for a debt and foreclosing a mortgage given to secure it, is only subject to taxation in the county where the owner of the judgment resides, and then the money due on the judgment alone is taxable.

ASSESSMENT OF MORTGAGE.—A mortgage, as such, is not liable to be assessed for taxes, but the assessment should be made of the debt which the mortgage was given to secure, and the debt, where the creditor resides in the State, has no *situs* for the purpose of taxation apart from the residence of the owner.

APPEAL from the District Court, Thirteenth Judicial District, Mariposa County.

The facts are stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* for Appellant.

The property was taxable in the County of Mariposa; the land on which the mortgage and judgment of foreclosure is a lien, is situate in that county; the judgment *debt* has its existence there; it is an acknowledged, unsatisfied, solvent debt; it ripened into a judgment in that county, and *there* is a debt of record. And now shall *it*, the property, pay tax where it exists, or where its owner lives?

What county property shall be taxed in, is within the province and power of the Legislature to say.

By section thirteen of said Act, page 423 of Stat. of 1861, the Assessor must ascertain "*all* property, real or *personal*, subject to taxation," and assess it in that county to the owner or possessor, whether present or absent—known, or if unknown, say so—but assess it he must.   (See Secs. 10 and 19.)

By section fourteen the Assessor is to obtain a list of all property which a party may own in another county, which list shall "specify the kind and nature of all other personal

property in such other county belonging to the party;" and by section fifteen the Assessor must send copies of such lists to the Assessor of the proper county who is to assess the property, if not already assessed by him, "as other property therein."

These three sections show that where the property is, *there* it is to pay tax; and the *only* exception to this rule is, that a party, under section fourteen, may pay taxes on deposits of money or gold dust (not silver dust, or any other species of deposit even) where he lives, and not in the county where are the deposits.

This particular *exception* only illustrates in a clearer light the *rule* intended to be laid down by the Legislature.  And under these sections the Assessor can only make an assessment from the list given him on the property in his county, with above exception; and further, if the party refuse to furnish the statement, the Assessor, under section thirteen, can *only* arbitrarily assess him for his property in *that* county which the "statement required by *this* section," (not sec. 14,) if furnished, would have shown.

Thus far there seems no foundation for the distinction between tangible and intangible property made in the case of *People* v. *Park*, 23 Cal. 138.

The case of *People* v. *Park*, 23 Cal., is not a precedent nor authority in this case.

1st. It was decided under the law of 1860, and not the Revenue Act of 1861, under which this cases arises.

2d. As a matter of fact, the Act of 1860 had been repealed long before the assessment was made, and in that case considered.

3d. The assessment was made under the Act of 1861.

4th. The debt did exist at and long before the commencement of the year 1861, for which year it was assessed.

5th. It is not law; and I submit it is not authority for any purpose in this case.

*Clarke & Carpentier*, for Respondent.

By the Court, SAWYER, J.

This is an action to recover a tax levied in the County of Mariposa, under the Revenue Act of 1861, for the fiscal year 1863–4. At the time the tax was levied, the defendant was, and he ever since has been, a resident of the City and County of San Francisco. The property taxed was a judgment of record in Mariposa County, foreclosing a mortgage held by defendant on lands situate in said county. The defendant had judgment and plaintiff appeals.

The question is, as to whether the judgment is properly taxable in Mariposa County. We think not. In the case of *The People* v. *Park*, 23 Cal. 138, the property assessed was a mortgage upon lands in Mariposa County, held by a resident of San Francisco. In that case the tax was assessed under the Act of 1860 ; but the provisions of that Act, in all respects affecting the question under consideration, are substantially the same as in the Act of 1861. It was held—and we think correctly—that the property was not assessable in Mariposa County. The property to be assessed in such cases is money at interest, or debts. The money at interest, debt or obligation, is the principal thing, and the mortgage is only a security—a mere incident to the debt or obligation. The mortgage has no existence independent of the thing secured by it ; a payment of the debt discharges the mortgage. The thing secured is intangible, and has no *situs* distinct and apart from the residence of the holder. It pertains to and follows the person. The same debt may, at the same time, be secured by a mortgage upon land in every county in the State ; and if the mere fact that the mortgage exists in a particular county gives the property in the mortgage a *situs* subjecting it to taxation in that county, a party, without further legislation, might be called upon to pay the tax several times—for the lien for taxes attaches at the same time in every county in the State, and the mortgage in one county may be a different one from that in another, although the debt secured is the same. The fact that the mortgage has been foreclosed, and the lien

carried into a judgment does not, in our opinion, change the character of the property with reference to the question under discussion.  The principal thing is still a debt, secured by a judgment lien instead of a mere mortgage lien.  The twenty-third section does not affect the question.  Those provisions operate in cases where the creditor resides in the county in which the mortgaged premises are situated.  The Act of 1860 contained the same provision.  (See also *Faulkner* v. *Hunt*, 16 Cal. 171.)

Judgment affirmed.

Mr. Justice RHODES expressed no opinion.