Johnson *v.* Oregon City.

W. C. JOHNSON and J. D. DEMENT, Executors of the estate of WM. C. DEMENT, deceased, Appellants, *v.* THE CITY COUNCIL OF OREGON CITY, Respondent.

*Appeal from Clackamas County.*

1. The possession and control over property, if an estate, by an executor are those of an owner, for purposes of assessment and taxation.
2. The *situs* of invisible and intangible personal property is with the owner.
3. Notes, mortgages, &c., of an estate being under the control of an executor living in an incorporated city, though the same may be deposited outside the city, are liable to assessment and taxation for corporate purposes by the city.

PLAINTIFFS, as executors of the estate of Wm. C. Dement, in 1867, had in their possession $30,000 in the shape of notes and mortgages, upon which the city council of Oregon city caused to be assessed and collected a tax amounting to $270. The appellants claimed that this property was not liable to assessment and taxation by the corporate authorities, and have brought this suit to recover back from the city the tax collected. The facts as they appear in the findings of the Circuit Court are substantially thus:

W. C. Johnson, one of the executors of said estate, at the time of the death of W. C. Dement, and ever since, has resided in Oregon city; and at his office in said city the business of said estate is, and always has been mainly and principally conducted. John D. Dement, the other executor, at the death of W. C. Dement, also resided in Oregon city, and continued to reside there and in Portland, until he removed to San Francisco, California, in 1866, where he now resides. Ever since he left this State said Johnson has exercised the entire control and management of the business of the estate.

This $30,000 was money loaned by said executors which was evidenced by certain promissory notes and mortgages

taken by said executors, and were in the actual custody of said W. C. Johnson until a short time before the assessor of said corporation commenced the assessment for 1867, when Johnson took said notes and mortgages and deposited them a short distance outside the city limits; he retained the control of them for all purposes, and the right to the actual possession of them at any moment, and collected interest on them in all respects precisely as he did when they were in his office. From these facts the Circuit Court found as a conclusion of law that appellants could not recover in the action. Plaintiffs appealed.

*W. C. Johnson, Esq.*, for appellants :

The city charter only authorizes the council to levy a tax upon property actually within the city limits. (*Hoyt* v. *Com. of Taxes*, 23 *N. Y.*, 224 ; *New Albany* v. *Meekin*, 3 *Ind.*, 481 ; *Wilkey* v. *City of Pekin*, 19 *Ill.*, 160 ; *Johnson* v. *City of Lexington*, 14 *Monroe*, 648 ; *Cutting* v. *Hull*, 21 *Vermont*, 152 ; 29 *Cal.*, 533.)

*S. Huelat, Esq.*, for respondent :

W. C. Johnson was the sole acting executor, and had the same property in the goods of the deceased that the principal had when living. (1 *Black. Com.*, 11 *Book*, 426.)

The charter provided for levying taxes upon all real and personal property actually within the corporate limits of the city, *made taxable by law for county or territorial purposes.*

By statute, an executor shall be assessed for all personal property held by him in such representative character.

By statute, personal estate includes, among other things, "moneys and gold dust on hand or on deposit, either within or without the State; all debts due, or to become due, from solvent debtors, whether on account, contract, &c."

That the *situs* of invisible and intangible personal property is with the owner, and nowhere else; it is the debt that is taxable and not the security. (16 *Cal.*, 167 ; 23 *Cal.*, 138.)

PRIM, J.   The question for decision here is, whether this thirty thousand dollars due the estate on notes and mortgages, was liable to assessment and taxation under the authority granted to the city council by the act of incorporation.   It is claimed that it was not; because, it is said that it was not actually within the corporate limits of the city at the time of the assessment and levy of this tax.   The act of incorporation provides that the city council shall have power to levy and collect taxes for general corporation purposes, upon all real and personal property *actually within* the corporation limits of said city, made taxable by law for county and territorial purposes.   (*Subdiv.* 2, *sec.* 2, *art.* 4 *of Charter.*)   *Article* 6, *sec.* 4 *of the Charter*, speaking of the duties of assessors, says he shall make, at a time mentioned, " a correct list of all the real estate within said city, and the personal estate of all citizens thereof, with the valuation thereof, which he shall certify and return to the city council."   Said list and valuation thereof shall be made in the " manner prescribed by law for assessing and collecting county and territorial taxes." The State law provides that an executor or administrator " shall be assessed for the real estate held by him in such representative character, at the full valuation thereof, and for all personal property held by him in his representative character."   (*Sec.* 19, *p.* 895, *Code.*)

*Section* 3, *page* 894 *of Code*, provides that the terms personal estate shall include, among other things, " money and gold dust on hand, or on deposit, either within or without this State, all debts due or to become due from solvent debtors, whether on account, contract, note, mortgage or otherwise." After the removal of John D. Dement from the State to the city of San Francisco, his co-executor, W. C. Johnson, evidently became the sole executor of this estate for any and all purposes, connected with the taxation of the property belonging to it within this State; and, therefore, we think the property of this estate was properly and legally assessed in

his name in his representative character of executor. (*Sec.* 9, *p.* 895, *Code.*)

The whole of this thirty thousand dollars was money loaned out, and was a debt or debts due the executors on notes and mortgages; and that W. C. Johnson, who had become the actual and sole executor, had control of them and resided and kept his office within the corporate limits of the city. While the assessment was being made by the corporate authorities, these notes and mortgages were temporarily deposited outside of the corporation limits, and therefore it is claimed that they were not *actually* within the city limits; but we apprehend this could make no difference, as it is the *debt* that is taxable, and not the notes and mortgages; they are merely the evidence of or security for the debt or debts due the executor. (16 *Cal.*, 167; 23 *Cal.*, 138.)

We are aware it has been held in a number of States, that personal property of a visible and tangible character may have another *situs* than that of the residence of the owner for the purposes of taxation; yet it seems to have been universally held, that property of the invisible and intangible character, such as debts due, choses in action, &c., is, and must necessarily, from the nature of the property, be with the person of the owner. Then, W. C. Johnson being the sole acting executor, and the legal owner of the debts due this estate, and his residence and place of business being within the corporate limits of this city, we hold that this $30,000 is personal estate *actually* within the corporate limits of the city, within the meaning of the words of the charter, and therefore liable to assessment and taxation for general corporate purposes.

Judgment is affirmed.