THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS, *v.* JAMES WHARTENBY, APPELLANT.

DOUBLE TAXATION. — The levying a tax upon money at interest, as well as upon the property mortgaged to secure it, does not present a case of double taxation as against the *mortgagee.*

COVENANT BY THE MORTGAGOR TO PAY THE TAXES ON THE DEBT. — The State is not bound by the stipulation between the mortgagor and the mortgagee that the former shall pay all the taxes levied on the mortgaged debt.

TAXATION OF MONEY AT INTEREST SECURED BY MORTGAGE. — By the provisions of the Revenue Act it is the "money at interest" which is subject to be taxed, and not the mortgage, *as such.*

COUNTY IN WHICH MONEY AT INTEREST IS TO BE TAXED. — Money at interest is to be taxed in the county in which the creditor resides.

APPEAL from the District Court of the Fourteenth District, County of Nevada.

The case is stated in the opinion.

*A. C. Niles,* for Appellant.

We propose to raise only this question:

Should money at interest, secured by mortgage, be taxed

in the county where the mortgagee resides, or in the county where the mortgagor resides, and where the mortgaged property is situated ?

This depends upon the construction of the Revenue Laws.

The definition of personal property for purposes of taxation is given by statute. (Hittell's Dig. ¶ 6154, Sec. 5.)

Among other things, is named "all money at interest, or loaned, secured by mortgage or otherwise." "Solvent debts" are named as a separate and distinct class.

The several classes of property required to be given in to the Assessor are prescribed in ¶ 6299, Sec. 3 :

"Third—All money on hand, or on deposit in-bank or banks, or with individuals, and all gold dust.

"Fourth—All money at interest, or loaned, whether secured by pledge, mortgage, or otherwise; all solvent debts," etc.

It would seem that a distinction was intended to be made between *solvent debts* and *money at interest secured by mortgage.* In the case of *The People* v. *McCreery*, it was held that the two belonged to the same class, for purposes of entry upon the assessment roll. Yet, for some other purposes, a distinction may have been, and probably was intended. Else their separate mention must be purposeless.

Such a distinction was recognized by this Court in the case of *Faulkner* v. *Hunt* (16 Cal. 171.) The Court says, "if the mortgage was given to secure a debt, the debt may be taxed; or, if given to secure a loan of money, then the money may be taxed."

In the case at bar, it was "sums of money loaned and let at interest" that was assessed to defendant.

The *situs* of other solvent debts, for purposes of taxation, may be the county where the creditor resides; and yet, the *situs* of this special class of debts—money at interest secured by mortgage—may be in the county where the mortgaged property is situated, or where the money is loaned and used.

*W. W. Cross,* for Respondent.

*John R. McConnell,* of Counsel, submitted the following points and authorities :

*First*—The thing assessed for taxes is not the mortgage, but the debt, or *chose in action.* (Revenue Act of 1861, Sec. 5; Acts of 1861, p. 421; Hittell's Digest, Art. 6156; *People* v. *McCreery,* 34 Cal. 432.)

*Second*—The obligation of the debt being for purposes of taxation, the principal thing, draws to itself the security.

*Third*—In this State, a mortgage passes no estate, but is a mere lien, or *chose in action,* attendant as incident on the debt, which for all purposes is principal. (*Godfrey* v. *Caldwell,* 2 Cal. 489 ; *McMillan* v. *Richards,* 9 Cal. 365; *Nagle* v. *Macey,* 9 *Id.* 428 ; *Goodenau* v. *Ewer,* 16 *Id.* 461. ; *Phelan* v. *Olney,* 6 *Id.* 475; *Dutton* v. *Warshauser,* 21 *Id.* 621; 1 Washburn Real Property, 550.)

*Fourth*— All debts, loans, and other *choses in action,* by our law, follow the person of the owner, and are to be assessed and taxed at his domicile. (Story's Conflict of Laws, Secs. 362–379 ; 17 Howard's U. S. S. C. Reps. 579–600 ; *McCabe* v. *Grey,* 20 Cal. 516.)

*Fifth*—The questions raised by the record have been definitely settled by this Court adversely to the appellant. (*People* v. *Holliday,* 25 Cal. 300; *People* v. *Niles,* 35 *Id.* 282; *People* v. *Parks,* 23 *Id.* 138 ; *People* v. *Eastman,* 25 *Id.* 601 ; *People* v. *McCreery,* 34 *Id.* 433; *Faulkner* v. *Hunt,* 16 *Id.* 167.)

*Sixth*—The assessment of appellant's loans in the County of San Francisco was null and void. The covenants mentioned in the answer, that the mortgagors should pay the taxes on both the mortgage property and loans were *res inter alios actas,* and not binding on respondents, and it is no defense to this action that the mortgaged property has paid the taxes assessed upon it.

CROCKETT, J., delivered the opinion of the Court :

The defendant is, and was at the time he was assessed for the taxes in contest, a resident of Nevada County, and was the owner and holder of certain unsatisfied mortgages made by persons residing in the City and County of San Francisco, upon real estate situate in said city and county, to secure an indebtedness to the defendant for money loaned

and let at interest, amounting in the aggregate to $112,000. The mortgages contained a provision to the effect that the mortgagors were to pay all taxes levied or assessed upon the sums loaned. The defendant was assessed in due form in Nevada County for the taxes due upon said sum of $112,000, and payment having been refused, this action was brought to enforce the collection. The answer sets up :

*First*—That the *property* included in the mortgages was duly assessed in the City and County of San Francisco, at its full value, to the several mortgagors, the owners thereof, prior to the assessment to the defendant, in Nevada County.

*Second*—That, prior to the assessment in Nevada County, the defendant, through his agent, gave to the Assessor of the City and County of San Francisco, for assessment, a list of said mortgages, and elected that said mortgage debts, if subject to taxation, should be assessed for State and county taxes in said city and county; and that thereupon they were assessed to the defendant, and duly entered on the assessment roll in said city and county ; that said taxes remain unpaid, and are claimed by the Collector of taxes in and for said city and county, as due from the defendant.

*Third*—That each of said mortgages contained a covenant by the mortgagors that they would pay and satisfy all taxes that might be levied on the mortgage debt.

A demurrer to the answer was filed, which was sustained by the Court, and the defendant having declined to amend, final judgment was entered for the plaintiffs, and the defendant appeals.

The fact that the mortgaged property was assessed at its full value to the mortgagors, evidently presents no defense to this action. This point was expressly decided in *People* v. *McCreery* (34 Cal. 459.) In that case, we held that under the facts stated, if any one could complain of double taxation, it was the mortgagor, and not the mortgagee ; but we expressed no opinion on the point, whether it presented a case of double taxation, even as against the mortgagor. It is plain, however, that as against the *mortgagee*, this is no case of double taxation. The debt secured by the mortgage has been but once taxed, and if the owner of the mortgaged

*property* shall claim that the amount of the mortgage should be deducted from the value of the property, and that he should be assessed only for the remainder, it will be our duty to decide that question when it comes before us; but it is not before us in this case. Nor, is there anything in the point that the mortgagors covenanted to pay all taxes levied on the mortgaged debt. The State was no party to the contract, and is not bound by stipulations *inter alios.* The burdens of taxation cannot be shifted from those on whom the law imposes them, by stipulations between private persons.

The only remaining point, and the one chiefly discussed by counsel, is whether, on the facts stated, the defendant was properly assessed in Nevada County, or whether the mortgage debts were assessable in the City and County of San Francisco, where the mortgaged property was situate. The question is one of considerable interest to the public, and we have bestowed upon it the careful consideration which it merits. In arriving at a satisfactory conclusion on this point, it is necessary to ascertain, primarily, precisely what it is which is the subject of the tax. Is it the *mortgage* itself, which is taxed as a *chose in action,* or is it the *debt* secured by the mortgage? Fortunately, the statute relieves us from any embarrassment on this point. Section 5 of the Revenue Act, in enumerating the property subject to taxation, specifies amongst other classes of property, "money at interest secured by mortgage or otherwise." (Stats. 1864, p. 421.)

It is the "money at interest" which is taxed, whether it be secured by mortgage, or not secured at all. The tax is not levied on the mortgage, *as such,* but on the "money at interest;" and the addition of the words "secured by mortgage or otherwise" is mere surplusage. The meaning would have been precisely the same if these words had been omitted; and they were doubtless added by the Legislature out of abundant caution, so as to leave no room to doubt that it was intended to include "money at interest secured by mortgage." But the phrase "money at interest," if nothing more had been added, would have included *all* money at interest,

whether secured or not; and the words "secured by mortgage or otherwise," add nothing to the force of the sentence. It is evident that "money at interest" was intended to be a separate subject of taxation, as contradistinguished from other *debts* due to the party; for we find in the same section a provision to the effect that "solvent debts, other than those mentioned in this section, when the amount thereof exceeds the indebtedness of the party assessed," shall be subject to taxation. "Money at interest" is to be taxed, without reference to the indebtedness of the party assessed, and all other "solvent debts" due to him, in excess of his indebtedness, are also to be taxed. It is plain, therefore, that it was the "money at interest" due to the defendant from parties at San Francisco, which was the subject of taxtion, and not the mortgages, *as such*, by which the debts were secured. The fact that the "money at interest" was secured by mortgages does not vary the rule or the place of taxation. The debt is taxable in the same manner and at the same place that it would have been if there had been no mortgage security. This brings us to the question, whether a debt due for money at interest is to be taxed in the county in which the creditor resides, or in that in which the debtor has his domicile. A debt, as such, has no *situs*, but follows the person of the creditor. Indeed, it may be stated as a general rule, that all personal property, of whatsoever character (which, in the nature of things, is transitory, and has no fixed locality), is, in law, presumed to follow the person of the owner. If a different rule prevailed, and if personal property was to be deemed as having a *situs* at whatever place it happened to be, the greatest perplexity would arise in administering the law, on account of the constantly recurring changes in the locality of the property. For the sake of uniformity, and, indeed, as a matter of necessity, the rule has been adopted, that personal property shall be deemed to accompany the person of the owner. In some exceptional cases, however, and for some special purpose, the rule has been varied by statute. In this State, for example, visible tangible personal property is to be taxed in the county in which it is found at the time of assessment. (Stats. 1861,

p. 423, Secs. 14 and 15.)    But there is no provision to the effect that "money at interest," or debts due to the person assessed, shall be assessed in the county in which the debtor resides ; and, hence, these come under the general rule, that personal property follows the person of the owner. From these views, it follows that the defendant was properly assessed in Nevada County, and that the assessment in San Francisco was void.    Any other rule than this would lead to the most perplexing results.    A merchant or capitalist in San Francisco may have debts due to him from persons residing in various counties in the State ; and, if each debt is to be separately assessed in the county in which the debtor resides, instead of assessing the whole in the county in which the creditor resides, the State would lose a considerable portion of its revenue, and this provision of the statute would be practically frustrated.    These views are not new in this Court.    The same propositions, in substance, were decided in *People* v. *Eastman* (25 Cal. 603); and *People* v. *Park* (23 Cal. 138.)    See, also, *Faulkner* v. *Hunt* (16 Cal. 171); *People* v. *Holladay* (25 Cal. 300); and *People* v. *Niles* (35 Cal. 282.)

Judgment affirmed.