[In Bank.—January 28, 1884.]

THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT, *v.* CHARLES LUX ET AL., EXECUTORS, ETC., APPELLANTS.

TAXATION—MONEY OF AN ESTATE ON DEPOSIT—SITUS.—For the purpose of taxation, the *situs* of money belonging to the estate of a decedent person is in the county where the decedent resided at the time of his death, and the *situs* is not changed by placing the money on general deposit in a bank in another county.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Cope & Boyd, J. M. Taylor,* and *E. D. Sawyer,* for Appellants, cited *People* v. *Park,* 23 Cal. 139; *People* v. *Eastman,* 25 Cal. 601; *People* v. *Whartenby,* 38 Cal. 461; Burroughs on Taxation, 224; Cooley on Taxation, 269; *Cornwall* v. *Todd,* 38 Conn. 444; *McGregor's Exrs.* v. *Vanpel,* 24 Iowa, 436; *Barber* v. *Farr,* 54 Iowa, 57; *Preston* v. *Boston,* 12 Pick. 7.

*Walter H. Levy,* for Respondent, cited *People* v. *Holladay,* 25 Cal. 300; *People* v. *Niles,* 35 Cal. 282; *People* v. *Home Insurance Co.* 29 Cal. 534; *Finley* v. *City of Philadelphia,* 32 Pa. St. 381; *Catlin* v. *Holl,* 21 Vt. 156; *Hoyt* v. *Commonw.* 23 N. Y. 225.

McKINSTRY, J.—This is an appeal from a judgment in favor of plaintiff for city and county taxes, and the case is brought here for review upon the judgment roll alone.

The facts of the case as shown by the findings are substantially as follows:—

Jacob Rosenberg and the defendants are the executors of the will of Michael Reese, deceased, who died in Europe in 1878, being at the time of his death a resident of the county of San Mateo, in this State, where, on the 5th of September of the same year, his will was admitted to probate by the Probate Court of that county.

Letters testamentary upon the will were issued out of that court to the executors; they qualified and entered upon the discharge of their duties, and have ever since then conducted the settlement and administration of the estate of the deceased in the court having jurisdiction of the settlement of the estates of deceased persons in the county of San Mateo, and the estate is still in process of settlement therein.

One of the executors, Jacob Rosenberg, is, and has been ever since his appointment and qualification, a resident of the city of Chicago, in the State of Illinois; another of the executors, the defendant Charles Lux, is, and has been ever since his appointment and qualification, a resident of the county of San Mateo; and the other of the executors, the defendant Joseph Rosenberg, is, and has been ever since his appointment and qualification, a resident of the city and county of San Francisco, in this State.

On the first Monday in March, 1882, the executors had on general deposit in different banks, situated and doing business in the city and county of San Francisco, the sum of $565,504, of money of the estate, which was assessed for the fiscal year ending June 30, 1883, for city and county taxes, in the city and county of San Francisco, to " Lux Charles and J. Rosenberg, executors of M. Reese," and the city and county taxes mentioned in the complaint were levied thereon.

The same property was assessed to the executors for State and county taxes levied thereon in the county of San Mateo for the same fiscal year, which taxes were paid by the executors in pursuance of an order of the Superior Court of the county of San Mateo (where the estate is in process of administration) directing the executors to pay the same.

The question is whether the property was assessable in San Mateo or in San Francisco.

It is a settled rule that a general deposit is in effect a loan, the relation of the bank and depositor being that of debtor and creditor.

Where, then, should the credits—the amounts due from the banks to the estate—have been assessed?

The Constitution (art. xiii. § 10) provides that all property, except certain railroad property, shall be assessed in the county where it is situated; and section 3629 of the Political Code requires of the assessor to exact "from each person" a statement in writing showing all property belonging to, claimed by, or in possession of such person, and "the county in which such property is situated, *or in which it is liable to taxation,*" etc.

Neither the Constitution nor the section of the Political Code referred to defines the *situs* of any property, and that is to be determined by the application of recognized principles of law. In the absence of statutory provisions on the subject, the *situs* of all personal property would follow the person of the owner. For most judicial purposes a *debt* or credit has no *situs* or locality. (Burrill's L. D. *verb. situs;* 2 Kent's Com. 458, note.) But when credits are made the subject of taxation, it is appropriate that their locality should be referred to the residence of the owner.

In *People* v. *Home Insurance Co.* 29 Cal. 533, it was held that personal property in this State belonging to a non-resident of the State may be assessed to the owner. As the statute required all property within the State to be taxed, it was held that, as to certain bonds within the State, the provisions of the law could be given effect only by distinguishing between the actual position of the property and its ordinary legal *situs.* Mr. Justice Sawyer said: "We think the bonds, or at least that which is symbolized or represented by them, are 'property within this State,' within the meaning of the act. And this view *is not in conflict* with that adopted in *People* v. *Park*, 23 Cal. 139, and *People* v. *Eastman*, 25 Cal. 601. In those cases the owner resided in the State, and there was no occasion to consider whether the actual was different from the fictitious legal *situs* of the 'money loaned' or 'solvent debt,' and the owner being a resident of the State, the proper place to tax this species of property, under the statute, was his place of residence."

In *People* v. *Holladay*, 25 Cal. 306, it was held that, by reason of provisions of the revenue law in force when that case was decided, it was the duty of an assessor to assess *cattle* which were in his county between the first Mondays of March and August. *People* v. *Holladay* was decided at the April term, 1864. That the case did not decide that intangible property, as credits, should be assessed in any other county than that of the residence of the creditor is apparent from the fact that, at the July term of the same year, it was adjudged in *People* v. *Eastman*, 25 Cal. 601, that an assessment of a debt secured by mortgage should be made where the creditor resides, and not in the county where the mortgaged premises are situated; and that the debt, *when the creditor resides in the State*, has no *situs* for the purpose of taxation apart from the residence of the owner.

In *People* v. *Niles*, 35 Cal. 286, it was held that under the revenue law of 1861, a *situs* was assigned to tangible personal property — a schooner — in the county where it remained permanently, although it was not the county of the owner's residence. This case and others are commented upon in *People* v. *Whartenby*, 38 Cal. 466, where it was said: "A debt as such has no *situs*, but follows the person of the creditor. Indeed it may be stated as a general rule, that all personal property, of whatsoever character (which, in the nature of things, is transitory), is, in law presumed to follow the person of the owner. . . . . In some exceptional cases, however, and for some especial purposes, the rule has been varied by statute. In this State, for example, visible, tangible property is to be taxed in the county in which it is found at the time of assessment. (Stats. 1861, p. 423.) But there is no provision to the effect that 'money at interest' or debts due to the person assessed shall be assessed in the county in which the debtor resides; and hence those come under the general rule, that personal property follows the person of the owner."

And in *People* v. *Park*, 23 Cal. 139, the Supreme Court said: "We think the proper construction of the revenue law of 1860 is that all personal property of a tangible character was properly taxable in the county where it was actually situated at the time of the commencement of the assessment; but choses in action and property of an intangible character, such as debts, and the

like cannot be said to be 'within the district' of the assessor, and are therefore taxable in the county where the owner resides at the time.   They could not properly be assessed where the debtors reside, as they may be non-residents or reside in several counties; nor where the property on which it may be secured is located, for that might be in several counties, and it is the debt, not the security, which is properly taxable."   (16 Cal. 171.)

So far as they may affect the question we have considered there is no substantial difference between the provisions of the Political Code and those of the several revenue acts which existed prior to its adoption.

If the testator were living and the moneys had been deposited by him, the amount of the debts due by the banks to him would be taxable in San Mateo, the county of his residence.   The *situs* of the property, for taxation purposes, does not change upon the death of the owner.   The personal property of decedents is taxed at the former domicil of the decedent.   "During the settlement of the estate it must have a *situs* somewhere, and none so appropriate as where the decedent lived."   (Burroughs on Taxation, 224.)   This is true of the property which would be taxable at the residence of the decedent, did he still survive; that is, of credits, which have a *situs* attributed to them when they are made taxable.

Judgment reversed and cause remanded with directions to the court to enter judgment on the findings in favor of the defendants.

Morrison, C. J., Myrick, J., Sharpstein, J., McKee, J., Ross, J., and Thornton, J., concurred.