RUSHTON, Appellant, v. BURKE, Respondent.

1. Parties — Taxes — Action to Recover Back.

Where taxes have been paid to a collector under protest and with notice that an action will be brought to recover them back, it is not necessary in such case to sue the municipality for which he is collector, the action may be brought against him personally.

2. Taxes — Recovering Back — Right of Mortgagee.

A mortgagee has no such interest in the land as will enable him to redeem it from a void tax sale and recover back the money, although it was paid under protest.

TEMPLETON, J., dissenting.

(Argued May 17, 1889; determined October 10, 1889.)

APPEAL from the district court, Cass county; Hon: W. B. McCONNELL, Judge.

*Benton, Amedon & Bradley,* for appellant.

The action was properly brought against the treasurer alone. Elliott v. Swartwout, 10 Pet. 137; Faulkner v. Hunt, 16 Cal. 167; Meek v. McClure, 49 id. 623; Monson v. Johnson, 51 id. 369; Bank v. Chalfant, id. 612; Smith v. Farrelly, 52 id. 77; Bank v. Chalfant, id. 170; Bank v. Webber, id. 73; Iowa R. R. Co. v. Woodruff, 19 N. W. Rep. 915; Cooley, Taxation, 805, 815.

The taxes were void. N. P. R. R. Co. v. Traill Co., 115 U. S. 600.

Their invalidity did not appear on the face of the proceedings. The tax certificates issued pursuant to the sale were invalid and constituted a cloud upon the title. Cooley, 780. That the money paid to redeem could be recovered back, see Cooley, 811.

There is but a single case (County v. Walker, 8 Kan. 431) holding the contrary. The few cases and dicta appearing to take the opposite view will be found, on examination, to have turned upon one of the following points: 1. The taxes were paid before any attempt had been made to enforce them. 2. The taxes were void upon their face, and would, therefore, be no cloud upon the title; or 3. No protest was made at the time of payment. Winser v. Burlington, 27 N. W. Rep. 241; Thomas v. Burlington, 28 id. 480; Erskine v. Van Arnsdale, 15 Wall. 75; Bruecher v. Port Chester, 101 N. Y. 240; Peyser v. Mayor, 70 id. 497; City v. Martin, 34 Mich. 171; Faulkner v. Hunt, 16 Cal. 167; Mason v. Johnson, 51 id. 612; Bank v. Chalfant, id. 369; Smith v. Farrelly, 52 id. 77; Stephan v. Daniels, 27 Ohio St. 527, 544; Seeley v. Westport, 47 Conn. 294; C. & N. W. R. R. Co. v. Oconto, 50 Wis. 189.

An illegal tax may be attacked in three ways: 1. The party may apply to a court of equity to cancel it and the certificate as a cloud on his title. 2. He may apply for an injunction to restrain the levying of the tax, or the sale of the land, or the issuing of a deed. 3. In a proper case he may pay the amount demanded under protest, and recover it back.

Our statute (§ 635, C. C. Pro.) has gone far to remove the restrictions upon an action to remove a cloud, but two things are still necessary : 1. There must be a cloud upon the title. 2. The plaintiff must be the owner of either the legal or equitable title. Stark v. Starrs, 6 Wall. 402 ; Holland v. Challen, 110 U. S. 15 ; Goldsmith v. Gilland, 22 Fed. Rep. 865, 867..

The appellant had only a mortgage lien and this transferred no title to the property. § 1706, C. C. He could not have maintained an action to cancel the tax certificate or remove it as a cloud on the title, as he had none.

For the same reason he could not have obtained an injunction. High, §§ 524, 573. In making this redemption under protest, he pursued the only remedy given him by law.

*S. B. Bartlett*, for respondent.

The taxes being void the sale was without warrant of law, had no force, and a deed thereunder would be of no validity. William v. Corcoran, 46 Cal. 553 ; Bucknall v. Story, id. 599; Detroit v. Martin, 34 Mich. 173, 22 Am. Rep. 515.

The plaintiff knew the law and the facts and he was not bound to pay. A person who voluntarily pays a void tax with a full knowledge of the facts cannot recover it back. Powell v. Board, 46 Wis. 213 ; Babcock v. City, 16 N. W. Rep. 627; Phillips v. Board, 5 Kan. 413; Shane v. City, 26 Minn. 543; Williams v. Corcoran, *supra ;* Lewis v. Hughes, 20 Pac. Rep. 623.

The payment was not made under such compulsion as would permit a recovery. Bucknall v. Story, 46 Cal. 599 ; Forbs v. Appleton, 5 Cush. 115; Boston & S. G. Co. v. City, 4 Metc. 181, 187 ; May v. Cincinnati, 1 Ohio St. 277; Sonoma Co. Tax Case, 13 Fed. Rep. 789; Fleetwood v. City, 2 Sandf. 475 ; County v. Walker, 8 Kan. 431.

The issuance of a tax deed would in no way have imperiled the rights, or affected the interest of appellant, and he must be held to have paid the money voluntarily.

The first ground of the demurrer is well taken, as the complaint upon its face shows that all the acts done by the defendant were done as county treasurer.

AIKENS, J. This action was brought to recover the sum of $365.82, paid by the appellant to the respondent as treasurer of Cass county to redeem certain parcels of land from sales made for the collection of taxes levied upon the same by the proper authorities of the said county for the year 1882, and for subsequent taxes paid by the purchaser at the sale. The land in question was a portion of the lands granted by the United States to the Northern Pacific Railway Company to aid in the construction of its railway, and at the time the taxes were assessed and levied no part of the cost for surveying, selecting, and conveying the lands had been paid by the railway company or its agents into the treasury of the United States.

At the time the plaintiff made the redemption he was the owner of a valid and subsisting mortgage, covering all the land redeemed; and at the time of making the payment of redemption he served upon the treasurer a written protest, setting forth specifically the facts constituting the invalidity of the taxes, and notifying him that he would at once institute suit against him to recover the amount paid as money paid by an unlawful exaction.

The lands were sold for taxes October 10, 1883; the redemption made October 13, 1885, after the purchasers at the sale were entitled to a deed, and when the same was about to be issued.

To the complaint setting forth the foregoing facts the defendant demurred on two grounds: (1) That there is a defect of parties defendant; (2) that the complaint does not state facts sufficient to constitute a cause of action. The court below sustained the demurrer, and, the plaintiff electing to stand thereon, judgment for costs was awarded the defendant. From the order sustaining the demurrer, and from the judgment entered, the plaintiff appeals to this court.

1. The contention of the defendant in support of the first ground of demurrer was, that the county of Cass should have been made the defendant, instead of Burke, its treasurer. This we consider untenable. It seems to be the well settled doctrine of law that, where an action properly lies for the recovery of money paid for illegal taxes, the agent cannot exonerate himself from personal liability by paying it to his principal after he has notice not to pay it over, or where it is paid to him under protest,

with notice that suit will be instituted to recover it. As holding this doctrine, see Elliott v. Swartwout, 10 Pet. 137; Falkner v. Hunt, 16 Cal. 167; and Meek v. McClure, 49 id. 623.

2. Does the complaint state facts sufficient to constitute a cause of action?

The assessment and levy of taxes upon this land was unauthorized and void. Railroad Co. v. Traill Co., 115 U. S. 600, 6 Sup. Ct. Rep. 201. The plaintiff had knowledge of this fact at the time he redeemed the lands from sale, and stated the facts constituting the invalidity in his written protest and notice furnished the defendant treasurer. But he claims that such knowledge would not have the effect of making his payment voluntary, for the reason that the record of the assessment and levy, and all the proceedings regarding the sale, were regular and valid upon their face, and consequently bore the appearance of legality; and that, inasmuch as it would require extraneous evidence to establish their invalidity, sufficient existed to create a cloud upon the owner's title, and that by paying under protest the necessary amount to redeem, and thus clearing the title, an action to recover the amount paid could be maintained.

Had this action been brought by the owner in fee of the land in question, the contention of the plaintiff would be pertinent, and probably correct. But the difficulty in applying this reasoning to the case at bar arises from the fact that the owner of the fee is not in court. This plaintiff has no title, legal or equitable, to the land in question. He is simply a mortgagee. The taxes levied being void, the deed, had it issued, could not have affected his lien, nor in any degree lessened the value of his security. Should the plaintiff finally succeed to the title of the land, he could maintain a suit to remove any cloud created during his mortgagor's ownership; but until that time, until he has acquired title to the property, and becomes more than a stranger, his acts will be construed as voluntary.

It follows, therefore, that, inasmuch as the plaintiff had no interest in the property redeemed by him which could in any manner be impaired by the issuance of the deed threatened, such redemption was voluntary, notwithstanding his protest, and the demurrer to the complaint was properly sustained. The order and judgment

appealed from are affirmed. All the justices concur, except TEMPLETON, J., dissenting, and McCONNELL, J., not sitting.